IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL CASE |
| v. : | |
| : | No. 1:21-CR-64 (JPB)(AJB) |
| YUN JAE MOON : | |
| _____: | |

DEFENDANT'S SENTENCING MEMORANDUM

Comes now, YUN JAE MOON, Defendant in the above-styled action, by and through undersigned counsel, and submits this sentencing memorandum to assist the Court.

Mr. Moon is a dedicated husband and father. He has been married since 1995, and has one daughter who is very involved in her father's life. Although he is in the United States illegally having over-stayed his visa, he and his family have been gainfully employed (his wife has her own business, his daughter is a registered nurse, and Mr. Moon worked in construction as well as assisting in his wife's business). He was originally arrested and pleaded guilty to passport fraud. Prior to being sentenced, the government had sufficient evidence to seek an indictment for the instant PPP fraud related conduct. The government reached out to Mr. Moon's previous lawyer about the instant charges but nothing was resolved and the government did not indict Mr. Moon prior to his being sentenced. Upon

current counsel being appointed, Mr. Moon agreed to plead guilty to the instant conspiracy count. Because Mr. Moon pleaded guilty and was sentenced on the passport fraud prior to being sentenced on the instant indictment, he is being placed in Criminal History Category II with a resulting Guideline Range of 41 - 51 months, while if the government would have indicted the two cases together[1] he would be Criminal History I with a resulting Guideline Range *for both cases* of 31-46 months.[2]

Mr. Moon has also met with the government on two occasions for more than 3 hours each time. During these meetings, Mr. Moon truthfully volunteered information on other criminal activity he was aware of. He identified photographs of individuals involved in criminal activity and detailed the type of crimes perpetrated. As of this writing, undersigned counsel is not aware of the government's decision on whether to move for a sentencing reduction. It is Mr. Moon's position that regardless of whether the government moves for a departure,

---

[1] Whether the fault is with the government for waiting to indict, or with the attorney for failing to resolve the instant case prior to sentencing on the passport fraud, Mr. Moon will be irreparably harmed by serving more time than he should have unless this Court intercedes to correct the injustice. Indeed, the probation officer writing the presentence report for this Court notes that a departure or variance might be appropriate should the Court decide to address this problem. PSR at 26.

[2] Had the two cases been brought together, under §3D1.4 (c), the passport fraud would have fallen away as it was more than 8 levels less than the PPP fraud offense level.

this Court has the authority (perhaps even the duty) to consider Mr. Moon's attempt at providing assistance to the government in an attempt to ferret out crime. Mr. Moon's attempted cooperation is evidence that he has gone above and beyond the norm in accepting responsibility for his transgressions. This Court has the authority to vary below the suggested Guideline Range and the Court should.

The Court should also consider the collateral consequences of Mr. Moon's decision to plead guilty. As noted in the PSR, Mr. Moon and his family have been in the United States since 2002. His wife and daughter have established themselves in this Country. Mr. Moon, however, will be deported upon completion of his sentence and therefore, will likely be permanently separated from his wife and daughter. This Court can and should consider this in determining a reasonable sentence.

This Court should vary downward to take into account the disparity because of the timing of the instant indictment; Mr. Moons cooperation in identifying previously unknown criminal conduct; and the collateral consequence of being permanently separated from the family he loves. Rather than a Guideline Range of 41-51 months, Mr. Moon suggests the Court vary downward to impose a

reasonable sentence of 24 months with credit for time served beginning on August 24, 2020.[3]

Dated, this the 7th day of September, 2021.

Respectfully submitted,

/s/Jeffrey L. Ertel
JEFFREY L. ERTEL
State Bar No. 249966

Federal Defender Program, Inc.
101 Marietta Street, Suite 1500
Atlanta, GA  30303
(404) 688-7530
Jeff_ertel@fd.org

COUNSEL FOR MR. MOON

---

[3] The date Mr. Moon was arrested for the passport fraud offenses and the date from which he would have been given credit if the two cases had been resolved concurrently.

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has, pursuant to Local Rule 5.1, has been formatted in Times New Roman, 14 Point, electronically filed and served upon counsel:

>Thomas Krepp, Esq.
>Zach Howard, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Ted Turner Drive, S. W.
>Atlanta, Georgia  30303

Dated, this the 7th day of August, 2021.

*s/Jeffrey L. Ertel*